**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS JOSEPH MELGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-01183-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 11) |

Plaintiff Thomas Joseph Melger is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on August 2, 2021. On August 10, 2021, the Court screened Plaintiff's complaint, found that he failed to state a cognizable claim, and granted Plaintiff thirty days to file an amended complaint. Plaintiff filed a first amended complaint on August 19, 2021.

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in*

*forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

## II.
## COMPLAINT ALLEGATIONS

Plaintiff is 45 years old and eligible to receive separate $1,400 and $600.00 stimulus checks under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act).

On January 20, 2021, Plaintiff filed an administrative claim with the Internal Revenue Service (IRS) about not receiving his $600.00 check. Plaintiff did receive his $1,200 stimulus check based on the filing of his 2018 and 2019 tax returns. Plaintiff thereafter became incarcerated.

///

Plaintiff sent another address change to the IRS and United States Department of Treasury in February 2021. Plaintiff, with the assistance of his sister, filed another administrative claim via the internet on the IRS government website on June 20, 2021 about not receiving his $1,400 stimulus check. Plaintiff mailed another notice of change of address on June 11, 2021.

## III.

## DISCUSSION

### A. Entitlement to Relief Under the CARES Act

The CARES Act was signed into law to provide economic relief to certain individuals during the COVID-19 pandemic. The Act defines an "eligible individual" as "any individual other than any nonresident alien individual," any individual who cannot be claimed as a deduction on another taxpayer's income tax return, and "an estate or trust." See 26 U.S.C. § 6428(d). As stated by one district court:

> The portion of the CARES Act relevant to this litigation amended the Internal Revenue Code to provide for Economic Impact Payments ("EIP") to be paid directly to eligible individuals through a "tax credit." The amount of the credit allocated to eligible individuals is limited based on an eligible individual's adjusted gross income ("AGI"), with phase-outs beginning at $75,000 for individual filers and $150,000 for joint filers. 26 U.S.C. § 6428(c). The credit was to be paid in 2021 based on an individual's 2020 income tax return, see 26 U.S.C. § 6428(a), or as an "advance refund" to be paid on or before December 31, 2020, based on an individual's 2019 income tax return. See 26 U.S.C. § 6428(f). If an eligible individual had not filed a 2019 tax return, that individual would still be eligible to receive an advance refund based on that person's 2018 tax return. 26 U.S.C. § 6428(f)(5)(A). If an individual had not filed either a 2019 or a 2018 tax return, the IRS could use information provided in Form SSA-1099 or Form RRB-1099, with respect to that individual receiving social security benefits. 26 U.S.C. § 6428(f)(5)(B). The IRS indicated that it would calculate and automatically issue an EIP to eligible individuals.
>
> Persons who did not file a tax return for tax years 2018 or 2019 ("non-filers") could go to a web-based portal the IRS set up for non-filers to provide their information in order to receive the EIP advance refund. Individuals who use the non-filer online portal had until October 15, 2020, to register in order to receive the EIP by the December 31, 2020 deadline imposed by the CARES Act. Eligible individuals who did not receive an advance refund could claim their EIP tax rebates by filing a 2020 tax return in 2021.

See Puckett v. U.S. Dept. of Treasury Internal Revenue Service, No. 1:21 CV 425, 2021 WL 2550995, at *2 (N.D. Ohio June 22, 2021). As in Puckett, Plaintiff has failed to provide plausible factual

3

allegations that he has filed his tax return and has received a written rejection or notice of disallowance of his claim for stimulus.  The CARES Act does not permit an eligible individual to immediate payment. 26 U.S.C § 6428(f)(3)(A) ("The Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this section as rapidly as possible.")  Thus, the plain language of the Act allows a rebate by way of advance refund, or a tax credit, or combination thereof.  26 U.S.C. § 6428. Plaintiff has not provided any evidence that he is eligible for stimulus funds or has taken the necessary steps to request the funds from the IRS by filing a 2020 tax return to claim the funds.  In fact, the deadline to do so expired prior to Plaintiff filing the instant action.   Therefore, the Court finds that it lacks jurisdiction over the matter.

In addition, Plaintiff has failed to demonstrate a due process violation, as there not sufficient facts to establish a fundamental liberty interest in a CARES Act stimulus payment or that the interest was wrongfully withheld.  Cf. Washington v. Glucksberg, 521 U.S. 702, 720 (1997) (noting that fundamental rights and liberty interests protected by the Due Process Clause include the rights to marry, to raise children, to privacy, to use contraception, and to bodily integrity, as well as the interests protected by the Bill of Rights); see also Lamar v. Hutchison, No. 21-CV-00347, 2021 WL 4047158, at * 12 (E.D. Ark. Sept. 3, 2021).  Accordingly, Plaintiff's complaint fails to state a cognizable claim for relief.

Because Plaintiff was previously granted leave to amend and failed to cure the identified pleading defects, the undersigned recommends Plaintiff's amended complaint be dismissed without leave to amend and that this action be dismissed. See Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment."); see also Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013) (holding the court's discretion to deny leave to amend is "particularly broad" where the plaintiff has previously amended his complaint).

///

///

///

## IV.

## ORDER AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 27, 2021**

UNITED STATES MAGISTRATE JUDGE