1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS JOSEPH MELGER,                    No.  1:21-cv-01183-JLT-SAB (PC)

12              Plaintiff,

13        v.                                   ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS IN PART
14    UNITED STATES TREASURY
      DEPARTMENT,                              (Doc. 15)
15
                Defendants.
16

17        Thomas Joseph Melger, a state inmate, alleges in his first amended complaint against the

18    United State Treasury Department, the Internal Revenue Service, and Does 1-10, that he did not

19    receive two economic impact payments ("EIPs") in violation of his constitutional rights to due

20    process and equal protection.  (Doc. 11.)  On October 28, 2021, the assigned magistrate judge

21    issued findings and recommendations, recommending that this action be dismissed, without leave

22    to amend, for failure to state a claim.  (Doc. 15.)  The findings and recommendations were served

23    on plaintiff and contained notice that objections were due within fourteen days.  (*Id.* at 5.)  No

24    objections have been filed, and the deadline to do so has now passed.

25        **A.    Background**

26        Plaintiff's original complaint alleged he did not receive his EIP in violation of his due-

27    process and equal-protection rights.  (Doc. 1.)  In the first screening order, the magistrate judge

28    found that Plaintiff failed to state a claim because he did not allege he exhaust administrative

                                               1

1   remedies and granted leave to amend.  (Doc. 9.)  The screening order did not provide standards

2   for Plaintiff's due process or equal protection claims.  (*See id.*)

3          Plaintiff's amended complaint alleges that he did not receive his second or third EIPs for

4   $600 and $1,400, which were distributed pursuant to 26 U.S.C. §§ 6428A and 6428B.  (Doc. 11.)

5   Plaintiff alleges his sister filed a request on the IRS's website on his behalf for non-tax filers but

6   had nonetheless not received his EIPs.  He does not allege he filed a tax return for the year 2020.

7   (*Id.*)  The findings and recommendations recommend dismissing Plaintiff's complaint for lack of

8   jurisdiction on the grounds that the CARES Act requires Plaintiff to submit a tax return before

9   filing suit.  (Doc. 15.)  In a paragraph, the findings and recommendations also find that Plaintiff

10   did not state a due-process violation because Plaintiff failed to establish a fundamental liberty

11   interest that was wrongfully withheld.  (*Id.* at 4.)

12          **B.     Analysis of Plaintiff's First Amended Complaint**

13          The relevant statutes permit "an eligible individual" to receive a tax credit in the amount

14   of $600, *id.* § 6428A(a), and $1,400, *id.* § 6428B(a).  Both statutes define an "eligible individual"

15   to mean "any individual other than" (1) a nonresident alien, (2) "any individual with respect to

16   whom a deduction under [26 U.S.C. § 151] is allowable to another taxpayer for a taxable year

17   beginning in the calendar year in which the individual's taxable year begins," and (3) an estate or

18   trust.  26 U.S.C. §§ 6428A(d)(1)-(3); 6428B(d)(1)-(3).  Incarcerated persons are "eligible

19   individuals" to receive EIPs under the CARES Act.  *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 689

20   (N.D. Cal. 2020).

21          District courts addressing similar claims brought under the CARES Act have typically

22   found that plaintiffs lack standing because they needed to file a tax return first.  *Graham v.*

23   *Department of the Treasury Internal Revenue Service*, No. 21-CV-1411, 2021 WL 5356784 (E.D.

24   Pa. Nov. 17, 2021), is a prime example.  There, a state inmate had sought an economic impact

25   payment but had not yet filed a tax return.  *Id.* at *1–2.  The court first determined that the

26   plaintiff did not need to exhaust administrative remedies before filing suit.  *Id.* at *2.  Then,

27   relying on the statute governing the first round of payments—which, for present purposes, is

28   similar to the portions of the tax code here—the court concluded that the plaintiff lacked standing:

1
2
3
4
5
6
7
8
9
10

Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

11
12
13
14
15
16
17
18
19
20

It is clear from the face of Graham's Complaint that he has not suffered an actual or imminent injury-in-fact. Again, to satisfy the injury-in-fact requirement, the plaintiff must plausibly allege "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, at 1548 (quoting *Lujan*, 504 U.S. at 560). Graham has not established that he has suffered an injury or will suffer an imminent injury if the Court does not address his claims because the CARES Act did not grant an eligible individual a right to an immediate economic impact payment. *See* 26 U.S.C. § 6428(f)(3)(A) ("The Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this section as rapidly *as possible.*") (emphasis added). Instead, the statute permits a recovery rebate to be made by advance refund (i.e., a "stimulus check"), or a tax credit, or a combination of the two. 26 U.S.C. § 6428. Assuming Graham is an eligible individual as defined under the law, his claim to an economic impact payment would not be infringed upon unless and until he files his 2020 tax return and is denied the payment by the IRS. Graham therefore has not alleged "an invasion of a legally protected interest" that is actual or imminent. *Spokeo, Inc.*, 136 S. Ct. at 1548.

21

*Id.* at *3.

22
23
24
25

Under that approach, Plaintiff also lacks an injury in fact. Plaintiff alleges that he did not receive an EIP but did not allege that he ever filed a tax return. Accordingly, if Plaintiff were seeking a payment merely because of the government's failure to comply with statutory authority, Plaintiff failed to state a claim.

26
27
28

In his first amended complaint, Plaintiff includes claims for violations of his equal protection rights but does not allege how they were violated. He does not allege he is a part of a protected class or, if he is, how he has been treated differently. Accordingly, he has failed to state

1  a claim for violations of those rights.  However, Plaintiff has not yet been provided standards for

2  such causes of action and therefore the Court cannot conclude at this juncture that amendment

3  will be futile.  Thus, the Court will grant leave to amend.

4       **C.**     **Legal Standards**

5       In the event Plaintiff amends his complaint, the following standards may be relevant:

6            1.     Equal Protection

7       Plaintiff's first amended complaint indicates he brings his equal protection claims under

8  the Fourteenth Amendment.  However, because Defendants are federal actors, the Fifth

9  Amendment applies.  *See United States v. Ayala-Bello*, 995 F.3d 710, 714 (9th Cir.), *cert.*

10  *denied*, 142 S. Ct. 513 (2021) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499–500 (1954)); *McLean*

11  *v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en*

12  *banc* (Apr. 17, 1999) ("The Fourteenth Amendment's Equal Protection Clause applies to the

13  federal government through the Fifth Amendment's Due Process Clause.").

14       Equal protection requires that persons who are similarly situated be treated alike.  *City of*

15  *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California*

16  *Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d

17  1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  To state a

18  claim, Plaintiff must show that Defendants intentionally discriminated against him based on his

19  membership in a protected class, *Hartmann*, 707 F.3d at 1123 *Furnace*, 705 F.3d at 1030;

20  *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d

21  1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or

22  that similarly situated individuals were intentionally treated differently without a rational

23  relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591,

24  601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v.*

25  *Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d

26  478, 486 (9th Cir. 2008).

27            2.     Procedural Due Process

28       The Due Process Clause of the Fifth Amendment provides that no person may be

1  "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V.  "To

2  show a procedural due process violation, [Plaintiff] must prove two distinct elements: (1) a

3  deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate

4  procedural protections."  *United States v. 101 Houseco, LLC*, --- F.4th ----, 2022 WL 90599, at *6

5  (9th Cir. Jan. 10, 2022) (internal quotation marks and citation omitted).

6      **D.**    **Conclusion and Order**

7      Accordingly,

8      1.  The Court adopts the findings and recommendations (Doc. 15) in part; and

9      2.  Plaintiff's first amended complaint (Doc. 11) is dismissed, with leave to amend within

10         30 days.

11

IT IS SO ORDERED.

12

13      Dated:   **January 20, 2022**

UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5