UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-01183-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 18) |

　　　　Plaintiff Thomas Joseph Melger is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant action on August 2, 2021.  On August 10, 2021, the Court screened Plaintiff's complaint, found no cognizable claim, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 9.)  Plaintiff filed a first amended complaint on August 19, 2021.  (ECF No. 11.)  On October 28, 2021, the undersigned issued Findings and Recommendations recommending that the action be dismissed for failure to state a cognizable claim for relief.  (ECF No. 15.)  On January 20, 2022, the assigned District Judge adopted the Findings and Recommendations, in part, and granted Plaintiff leave to file a second amended complaint within thirty days.  (ECF No. 17.)  Plaintiff failed to file a second amended complaint within the thirty day time frame.  Therefore, on February 28, 2022,

1

the Court ordered Plaintiff within fourteen days why the action should not be dismissed. (ECF No. 18.) Plaintiff has failed to file a response to the order to show cause and the time to do so has passed.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

2

## II.

## COMPLAINT ALLEGATIONS

Plaintiff's amended complaint alleges that he did not receive his second or third EIPs for $600 and $1,400, which were distributed pursuant to 26 U.S.C. §§ 6428A and 6428B. (ECF No. 11.) Plaintiff alleges his sister filed a request on the IRS's website on his behalf for non-tax filers but had nonetheless not received his EIPs. He does not allege he filed a tax return for the year 2020. (Id.)

## III.

## DISCUSSION

The relevant statutes permit "an eligible individual" to receive a tax credit in the amount of $600, id. § 6428A(a), and $1,400, id. § 6428B(a). Both statutes define an "eligible individual" to mean "any individual other than" (1) a nonresident alien, (2) "any individual with respect to whom a deduction under [26 U.S.C. § 151] is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins," and (3) an estate or trust. 26 U.S.C. §§ 6428A(d)(1)-(3); 6428B(d)(1)-(3). Incarcerated persons are "eligible individuals" to receive EIPs under the CARES Act. Scholl v. Mnuchin, 494 F. Supp. 3d 661, 689 (N.D. Cal. 2020).

District courts addressing similar claims brought under the CARES Act have typically found that plaintiffs lack standing because they needed to file a tax return first. Graham v. Department of the Treasury Internal Revenue Service, No. 21-CV-1411, 2021 WL 5356784 (E.D. Pa. Nov. 17, 2021), is a prime example. There, a state inmate had sought an economic impact payment but had not yet filed a tax return. Id. at *1–2. The court first determined that the plaintiff did not need to exhaust administrative remedies before filing suit. Id. at *2. Then, relying on the statute governing the first round of payments—which, for present purposes, is similar to the portions of the tax code here—the court concluded that the plaintiff lacked standing:

> Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." Id. "[T]he irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the

defendant's conduct. Id. Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. Id. at 561; see also Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

It is clear from the face of Graham's Complaint that he has not suffered an actual or imminent injury-in-fact. Again, to satisfy the injury-in-fact requirement, the plaintiff must plausibly allege "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Spokeo, Inc., 136 S.Ct. at 1548 (quoting Lujan, 504 U.S. at 560). Graham has not established that he has suffered an injury or will suffer an imminent injury if the Court does not address his claims because the CARES Act did not grant an eligible individual a right to an immediate economic impact payment. See 26 U.S.C. § 6428(f)(3)(A) ("The Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this section as rapidly *as possible.*") (emphasis added). Instead, the statute permits a recovery rebate to be made by advance refund (i.e., a "stimulus check"), or a tax credit, or a combination of the two. 26 U.S.C. § 6428. Assuming Graham is an eligible individual as defined under the law, his claim to an economic impact payment would not be infringed upon unless and until he files his 2020 tax return and is denied the payment by the IRS. Graham therefore has not alleged "an invasion of a legally protected interest" that is actual or imminent. Spokeo, Inc., 136 S. Ct. at 1548.

Id. at *3.

Under that approach, Plaintiff also lacks an injury in fact. Plaintiff alleges that he did not receive an EIP but did not allege that he ever filed a tax return. Accordingly, if Plaintiff were seeking a payment merely because of the government's failure to comply with statutory authority, Plaintiff failed to state a claim.

### A. Equal Protection

Plaintiff's first amended complaint indicates he brings his equal protection claims under the Fourteenth Amendment. However, because Defendants are federal actors, the Fifth Amendment applies. See United States v. Ayala-Bello, 995 F.3d 710, 714 (9th Cir.), cert. denied, 142 S. Ct. 513 (2021) (citing Bolling v. Sharpe, 347 U.S. 497, 499–500 (1954)); McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999), as amended on denial of reh'g and reh'g en banc (Apr. 17, 1999) ("The Fourteenth Amendment's Equal Protection Clause applies to the federal government through the Fifth Amendment's Due Process Clause.").

Equal protection requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

In his first amended complaint, Plaintiff includes claims for violations of his equal protection rights but does not allege how they were violated. He does not allege he is a part of a protected class or, if he is, how he has been treated differently. Accordingly, he has failed to state a claim for violations of those rights.

### B.     Procedural Due Process

The Due Process Clause of the Fifth Amendment provides that no person may be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "To show a procedural due process violation, [Plaintiff] must prove two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." United States v. 101 Houseco, LLC, --- F.4th ----, 2022 WL 90599, at *6 (9th Cir. Jan. 10, 2022) (internal quotation marks and citation omitted).

## IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's first amended complaint, and on January 20, 2022, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within

5

thirty days. (ECF No. 17.) Plaintiff did not file a second amended complaint or otherwise respond to the Court's January 20, 2022 order. Therefore, on February 28, 2022, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 18.) Plaintiff failed to respond to the February 28, 2022 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint and within thirty days of April 9, 2020 and has not done so. Accordingly, the operative pleading is the August 19,

2021 first amended complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's February 28, 2022 order to show cause advised Plaintiff that his failure to comply with the order would result in a recommendation to dismiss the action. (ECF No. 18.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## V.
## CONCLUSION AND RECOMMENDATION

The Court has screened Plaintiff's first complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file a second amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the January 20, 2022 and February 28, 2022 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2022**

UNITED STATES MAGISTRATE JUDGE