UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, et al.,<br><br>            Defendants. | Case No.: 1:21-cv-01183 JLT SAB (PC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Doc. 19) |

The Court dismissed Plaintiff's First Amended Complaint and granted him thirty days to file a second amended complaint. (Doc. 15.) Plaintiff failed to file a second amended complaint or otherwise respond to the Court's order. Therefore, the Court ordered Plaintiff to show cause why the action should not be dismissed. (Doc. 18.) After Plaintiff failed to respond to the order to show cause, the magistrate judge found Plaintiff failed to prosecute the action and recommended dismissal on March 23, 2022. (Doc. 19.)

The Court served the findings and recommendations, which contained notice that objections were due within fourteen days. (Doc. 19 at 8.) In addition, the Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) Even still, Plaintiff did not file objections, and the deadline to do so has passed.

1

According to of 28 U.S.C. § 636 (b)(1)(C), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes that the magistrate judge's Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 23, 2022 (Doc. 19), are **ADOPTED** in full.
2. This action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated: __April 19, 2022__

UNITED STATES DISTRICT JUDGE

Plaintiff alleges that his incoming **mail** from federal and **state agencies** is **opened** and sent through non-privileged **mail** by defendants. (Doc. 1, p. 20, ¶ 61.) Plaintiff also alleges that a picture frame and picture sent by a friend were improperly rejected by defendant Schreiber. (*Id.,* p. 23, ¶ 73.) **Prisoners** have "a **First Amendment** right to send and receive **mail**." *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir.1995). Prison regulations relating to the regulation of incoming **mail** are analyzed under the *Turner* reasonableness standard set forth in *Turner v. Safley,* 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). *Thornburgh v. Abbott,* 490 U.S. 401, 413–14, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. *Turner,* 482 U.S. at 89. In determining the reasonableness of the regulation, the court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the

"accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." *Turner,* 482 U.S. at 89–90.

Plaintiff has not sufficiently alleged that defendants violated *Turner* with regards to Plaintiff's incoming **mail** from the state and federal agencies. Plaintiff alleges in his complaint that the **mail** is **opened** and sent through as non-privileged **mail**. (Doc. 1, p. 20, ¶ 61.) However, **mail** from public officials or agencies does not necessarily have to be treated as legal **mail**. *See Mann v. Adams,* 846 F.2d 589, 590–91 (9th Cir.1988) (per curiam) (finding that **mail** from public agencies, public officials, civil rights groups, and news media may be **opened** outside the **prisoner's** presence in light of security concerns). Plaintiff thus fails to state a cognizable **First Amendment** claim regarding his incoming **mail**.